FILED

2018 MAY -7 PM 12: 10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON FARRIS,

    Plaintiff,

v

    Case No. 2:18-cv-317-FtM-29CM
    Hon.

FORD MOTOR COMPANY,

    Defendant.

___

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES TO THIS COMPLAINT
### IDENTIFICATION OF PARTIES

1. Jason Farris is a person presently residing in Cape Coral, Florida and is a consumer and buyer within the meaning of all applicable laws.

2. Ford Motor Company ("Ford") is a Delaware corporation and has its principle place of business in Dearborn, Michigan. Ford designed, constructed, and warranted the 2016 Ford F-350 Super Duty truck that is the subject of this litigation.

### JURISDICTION

3. This Court has jurisdiction pursuant to both 28 U.S.C. 1331 and 1332.

4. There is complete diversity of citizenship between Jason Farris and Ford and the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000) Dollars.

5. This case is a federal question case arising from application of the Magnuson Moss Warranty Act 15 U.S.C. 2301, *et seq.*

## STATEMENT OF CLAIM

6.  The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

7.  On or about December 17, 2015 Jason Farris purchased a new 2016 Ford F-350 Super Duty pickup truck for pleasure, relaxation and personal purposes, but it has provided him very little dependability since it was bought. At the time this Complaint is filed the vehicle has been out of service since August 2016 for a warranty related engine defect. The defect was reported to Ford within the 100,000 mile engine warranty. The vehicle remains out of service at the time this Complaint is filed.

8.  The Ford vehicle has suffered a substantial engine defect which has caused it to remain unrepaired since August 2016.

9.  The engine defect substantially impairs the use and/or safety and/or value of the Ford vehicle.

10. Because of its significant defects the Ford vehicle is not fit for its normal and ordinary uses and Plaintiff has no confidence in the ability of Ford and/or its dealers to ever get the vehicle fixed and operating correctly.

11. Plaintiff purchased his vehicle and all related equipment in reliance on the existence of express and implied warranties made by Ford, and at the date of sale Plaintiff believed that Ford or its authorized agents and/or representatives would honor said warranties in a timely and proper manner.

12. After purchasing the Ford vehicle Plaintiff discovered that it did not conform to Ford's warranties inasmuch as it developed continuing malfunctions and defects.

13. Because of the warranty covered defects, Plaintiff notified Ford and/or one of its authorized servicing dealers of the numerous defects within the parameters of the 100,000 mile engine warranty. Plaintiff delivered the vehicle into the possession of one of Ford's authorized servicing dealers, Galloway Ford, to be repaired at no cost or expense to the Plaintiff.

14. The Ford vehicle has been out of service because of its defects since August 2016.

15. Through its advertising and otherwise, Ford represented that the vehicle it built was fit for the purpose for which it was designed, that it was safe and suitable for its intended designed use, and that it was reliably operable for private use.

16. Plaintiff purchased the Ford vehicle and its parts in reliance upon the belief that Ford possessed a high degree of manufacturing, skill and judgment.

17. Through its advertising and otherwise, Ford represented that the vehicle that is the subject of this litigation and its parts were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles and parts are designed and used, and Plaintiff relied on such.

18. The 2016 Ford F-350 Super Duty pickup truck and its parts involved in this case were not, however, of merchantable quality.

19. The above conditions of the Ford vehicle and its related components constituted a breach of Ford's contract and warranties.

20. The malfunctions and defects in the Ford vehicle and its related equipment severely and substantially impaired its use, safety and/or value to Plaintiff.

21. Plaintiff provided Ford and one or more of their authorized dealers with a reasonable number of opportunities to repair and/or service the vehicle but they have neglected,

failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

22. As a result of the above, Ford has breached its contract and/or warranties and the representations in the contract and/or warranties failed their essential purpose.

23. As a result, the contracts and/or warranties each failed of their essential purpose and any limitations contained within them are null and void and Plaintiff is entitled to all applicable legal and equitable remedies in law.

24. The failure of Ford and its dealers to each timely fix all of the vehicle's defects has caused Plaintiff to lose confidence in the reliability of the Ford vehicle and in the ability Ford and its dealers to repair the vehicle's defects.

25. One or more of the defects and malfunctions in the vehicle were covered under the terms of the contracts and/or warranties from Ford and Ford failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle.

26. Ford had notices of the breaches of the contracts and warranties and the defective condition of the Ford vehicle, and a reasonable opportunity to cure its respective breaches within a reasonable time but it failed to do so.

27. Plaintiff has suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or the failure of Ford and its dealers to repair or replace the Ford vehicle and its related equipment or refund its price.

## COUNT I - MAGNUSON MOSS WARRANTY ACT

28. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

29. This claim is for violation of the Magnuson-Moss Warranty Act 15 U.S.C. 2310, *et. seq.*

30. As a result of the above, *inter alia*, Ford is in violation of the Warranty Act by its failure to comply with its respective warranty obligations and/or otherwise violated the Warranty Act and/or its regulations in one or more manners.

31. As a result of the above, Ford is in violation of the Warranty Act.

32. As a direct and proximate result thereof, Plaintiff was and continues to be damaged. Plaintiff is entitled to both the legal and equitable remedies, including repurchase and recovery of reasonable attorney fees, afforded by the Magnuson Moss Warranty Act

## COUNT II - DECEPTIVE AND UNFAIR PRACTICES ACT

33. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

34. This claim is for violation of the Florida Deceptive and Unfair Practices Act, Fla. Stat. 501.201-213 and 2075.

35. As a result of the above, among other things, Ford committed one or more unfair and/or deceptive and/or unconscionable acts or practices in violation of the Act which caused plaintiff to incur actual damages in excess of $75,000. Such acts or practices, designed to mislead the Mr. Farris include, but not are limited to the following immoral, unethical, oppressive, and unscrupulous acts designed to be substantially injurious to Mr. Farris:

    A. Intentional statements that the Ford warranty had expired.

    B. Intentionally misleading Mr. Farris to believe he must submit a claim to an extended warranty company rather than Ford.

C. Intentionally failing to disclose that Ford had actual knowledge of the defects in Mr. Farris' truck prior to its purchase.

D. Intentionally refusing to honor the Ford warranty when Ford knew Mr. Farris complied with the terms of Ford's written warranty and presented his truck for repair of defects during the warranty period.

E. Intentionally violating the Magnuson Moss Warranty Act.

F. Failing to remedy defects in a warranted vehicle within a reasonable number of attempts.

G. Failing to remedy defects in a warranted vehicle within a reasonable amount of time.

H. Failing to honor a request to take the vehicle back and/or rescind and/or cancel the sales and warranty transaction.

### COUNT III - UNIFORM COMMERCIAL CODE

36. The allegations of all other paragraphs and claims in this proceeding are incorporated as if fully rewritten herein.

37. Ford extended to Mr. Farris a written express warranty pursuant to Fla. Stat. 672.313.

38. Ford extended to Mr. Farris an implied warranty pursuant to Fla. Stat. 672.314.

39. Ford breached both express warranties.

40. Mr. Farris is entitled to all remedies set forth in Fla. Stat. 672.714 including the recovery of actual, incidental, and consequential damages which exceed $75,000.

## CERTIFICATION

41. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

## PRAYER FOR RELIEF

1. On Count I Mr. Farris seeks, actual damages of more than $75,000.00, plus any applicable statutory and other damages, remedies, and relief, including reasonable attorney fees, as deemed proper and lawful by the Court, for each and every violation that may be proven at trial.

2. On Count II Mr. Farris seeks, actual damages of more than $75,000.00, plus any applicable statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial. Additionally, Mr. Farris seeks a $10,000.00 civil penalty be awarded pursuant to Fla. Stat. 501.2075.

3. On Count III Mr. Farris seeks his actual damages, including incidental and consequential damages which exceed $75,000.00.

4. Mr. Farris demands trial by jury on all issues.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST

By: /s/ James J. Majernik
James J. Majernik (P42882)
Admitted to Eastern District of Michigan and
The Sixth Circuit Court of Appeals
Attorneys for Plaintiff
2600 W. Big Beaver Road, Suite 550
Troy, Michigan 48084
(248) 649-6000 / (248) 649-6442 (fax)

Dated: May 1, 2018